UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JERRY M. BENFIELD | ) | CASE NO. 17-34005(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | A.P. No. 18-3032 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY M. BENFIELD | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Partial Summary Judgment of the Plaintiff, the United States of America ("United States"), against the Defendant Jerry M. Benfield ("Defendant"). The United States seeks an Order granting summary judgment in its favor determining that the Defendant's liability to the United States resulting from a $21.5 million Consent Judgment is nondischargeable in this Chapter 7 case pursuant to 11 U.S.C. §§ 523(a)(7) and 523(a)(2)(A). For the following reasons, the Court will **GRANT** the United States' Motion for Partial Summary Judgment. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## UNDISPUTED FACTS

The Defendant failed to dispute or file a response to the United States' Motion for Partial Summary Judgment. Therefore, since the facts as stated by the United States are undisputed, the Court adopts and incorporates herein fully the FACTS section of the Memorandum in Support of the United States' Motion for Partial Summary Judgment verbatim as if set forth herein. *See*, pp. 2-8 of the United States' Motion for Partial Summary Judgment.

## LEGAL ANALYSIS

The United States seeks an Order granting partial summary judgment in its favor determining that the Defendant's liability to the United States under the Consent Judgment is exempt from discharge in this bankruptcy case. Under Fed. R. Civ. P. 56(c), made applicable to adversary proceedings through Bankr. R. Civ. P. 7056, the Court must grant summary judgment to the moving party if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law. . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must demonstrate to the Court that the non-movant's evidence is insufficient to establish an essential element of the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Thereafter, the non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), quoting, Fed. R. Civ. P. 56(e). Where the record taken as whole could not lead a rational fact finder to rule for the non-movant, there is no genuine issue for trial. *Id.* Here, the United States has established that there is no genuine issue of material fact that the Defendant's liability to the United States under the Consent Judgment is exempt from

discharge in this bankruptcy case pursuant to 11 U.S.C. §§ 523(a)(7) and 523(a)(2)(A). The Defendant, while represented by counsel at the outset of this case and at the time the Motion for Partial Summary Judgment was filed, failed to file a response to the United States' Motion for Partial Summary Judgment. Defendant's counsel recently withdrew from the case. The Court has accepted the United States' recitation of the facts as accurate since they are undisputed by the Defendant.

1.  **Dr. Benfield's Liability under the Consent Judgment is Nondischargeable under 11 U.S.C. § 523(a)(7).**

A Chapter 7 bankruptcy discharge does not relieve an individual "from any debt . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . .." 11 U.S.C. § 523(a)(7); *see also* 11 U.S.C. § 727(b). In this case, the debt at issue is based on the parties' Consent Judgment which is based on the Debtor and MD2U's violations of the False Claims Act, codified at 31 U.S.C. §§ 3729, et seq. Civil liability results under the False Claims Act for "knowingly present[ing] . . . a false or fraudulent claim" to the government "for payment or approval." 31 U.S.C. §§ 3729(a)-(b). The statute provides that the United States is entitled to recover a civil penalty not less than $5,000 and not more than $10,000 adjusted for inflation for each false claim "plus 3 times the amount of damages which the government sustained because of the act of that person." 31 U.S.C. § 3729(a)(1)(G).

In the civil context, the plain language of Section 523(a)(7) mandates that the debt be payable to and for the benefit of a governmental unit before it is excepted from discharge. *Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir. 2006). To be nondischargeable, the debt must: (1) arise as

a punishment or sanction for some type of wrongdoing by the debtor and not merely be an enhanced monetary remedy for what is essentially a breach of contract; (2) not be compensation for actual pecuniary loss; (3) be payable to a governmental unit; and (4) be for the benefit of a governmental unit. *Id.*; 4 Collier on Bankruptcy ¶ 523.13 (Richard Levin & Henry J. Sommers eds., 16th ed).

The United States established each of these elements. The Consent Judgment encompasses nondischargeable fines and penalties imposed by the False Claims Act that are payable to the United States. The amount was determined by using a statistically-valid random sample of claims submitted by MD2U Kentucky LLC. The outside expert used by the United States determined that MD2U had a false claims rate of 98.7% in its Kentucky sample. A statistician then used this rate to determine an overpayment of the claims resulting in the $21.5 million Consent Judgment by applying these results from the Kentucky sample to other MD2U entities in other programs. The number of false claims multiplied by the minimum civil penalty possible under the False Claims Act would have resulted in a potential penalty of over $279,000,000, an amount far exceeding the $21.5 million Consent Judgment. This determination supports the Court's finding that the Consent Judgment is a penalty payable to the United States for violation of the False Claims Act.

Bankruptcy courts have concluded False Claims Act judgments are nondischargeable in bankruptcy pursuant to 11 U.S.C. § 527(a)(7). *See United States of America v. Cassidy (In re Cassidy)*, 213 B.R. 673 (Bankr. W.D. Ky. 1997). The undisputed evidence establishes that the Consent Judgment is a punitive sanction for wrongdoing, rather than compensation for pecuniary loss. Further, it is payable to and for the benefit of a governmental unit. As such, the Consent Judgment debt is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(7).

2.  **Dr. Benfield's Liability under the Consent Judgment is Also Nondischargeable under 11 U.S.C. § 523(a)(2)(A).**

Section 523(a)(2)(A) of Title 11 of the Bankruptcy Code excepts debts obtained by "false pretenses, a false representation or actual fraud . . .." In the Sixth Circuit, in order to have a debt declared nondischargeable under the fraud exception, the creditor must establish the following elements: (1) the debtor obtained money through a material misrepresentation that at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor reasonably relied on the false representation; and (4) the creditor's reliance was the proximate cause of the loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir. 1998). These elements are met in this case.

Under the False Claims Act, the United States had to show that Defendant acted knowingly in the submission of the false claim and that the Defendant's actions were the proximate cause of the actual damages sustained. *United States, ex rel; Augustine v. Century Health Services, Inc.*, 289 F.3d 409, 413 (6th Cir. 2002); and *United States v. Quicken Loans, Inc.*, 239 F.Supp.3d 1014, 1021 (E.D. Mich. 2017). The elements to prove the violation of the False Claims Act are similar to the elements required to prove that the debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A), that is that the debtor made a material misrepresentation, misleading omissions or committed actual fraud and did so knowingly or with reckless disregard for the truth. *Campbell v. Butz (In re Butz)*, 2018 WL 314871, *4 (Bankr. W.D. Ky. 2018).

When the Defendant entered into the Consent Judgment with the United States, he admitted the elements required to establish a claim under the False Claims Act and under 11 U.S.C. § 523(a)(2)(A), including that he "caused the submission of false claims to the United States," the submission "was done with reckless disregard of the falsity of the claims," and the submission

caused damages to the United States in the amount of $21.5 million. *See* Consent Judgment, ¶ 3. The Consent Judgment establishes the debt therein as agreed to by the Defendant, is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

It is also clear that the Defendant's false representations and deceptive conduct were actually litigated in the False Claims Act Action. Defendant is barred by the doctrine of collateral estoppel from relitigating those issues in this proceeding because the same issues raised in this proceeding were raised in the prior action, those issues were necessary to the outcome in the prior proceeding, the issues were actually litigated and the issues were necessary to the outcome in the False Claims Act Action. *See*, *Monsanto Co. v. Tranthan (In re Tranthan)*, 304 B.R. 298, 305 (B.A.P. 6th Cir. 2004). The Court determines that under the doctrine of collateral estoppel, the Defendant is prevented from relitigating these issues in this nondischargeability proceeding. *See*, *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1992), (wherein the Supreme Court held that the doctrine of collateral estopped applies in discharge exception proceedings.)

## **CONCLUSION**

There are no genuine issues of material fact and the record supports the United States' claims that Dr. Benfield's admissions in the Consent Judgment are nondischargeable pursuant to 11 U.S.C.

§§ 523(a)(7) and 523 (a)(2)(A), as a matter of law.  For all of the reasons set forth herein, the Court will **GRANT** the United States' Motion for Partial Summary Judgment.  A Judgment incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  April 27, 2021

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JERRY M. BENFIELD | ) | CASE NO. 17-34005(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | A.P. No. 18-3032 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY M. BENFIELD | ) | |
| | ) | |
| Defendant | ) | |

## JUDGMENT

Plaintiff, the United States of America, having moved the Court for partial summary judgment in this Adversary Proceeding seeking to except Defendant's liability under a Consent Judgment with the United States under the False Claims Act from discharge in his bankruptcy, and the Court having considered the briefing submitted by the parties and being sufficiently advised,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The United States' Motion for Partial Summary Judgment is **GRANTED**;

2. Dr. Benfield's liability under the Consent Judgment is attributable to a fine or penalty available under the False Claims Act; therefore, it cannot be discharged by Dr. Benfield pursuant to 11 U.S.C. § 523(a)(7);

3. Based on principles of federal collateral estopped, the Consent Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) as it is the result of Dr.

    Benfield's fraudulent submission of healthcare claims to the United States in violation of the False Claims Act; and

4.  This is a final and appealable Judgment.

                 _____
                  Joan A. Lloyd
                  United States Bankruptcy Judge
                  Dated:  April 27, 2021